**NOT FOR PUBLICATION**                                                                                        **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA RICKARD,<br><br>        Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Action No.: 10-4089 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

Currently before this Court is Petitioner Brenda Rickard's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States submitted an Answer in response to the motion. The Court has considered the parties' submissions and, for the reasons set forth below, denies Petitioner's motion.

## BACKGROUND

**A.**    **Conviction, Sentence and Appeal**

On September 20, 2007, Brenda Rickard and codefendant Jamila Davis were each convicted of one count of conspiracy to defraud the United States (in violation of 18 U.S.C. § 371) and seven counts of bank fraud (in violation of 18 U.S.C. §1344). The convictions stemmed from Rickard and Davis' participation in a conspiracy to fraudulently obtain inflated mortgage loans from banks in connection with the purchase of eight residential properties in New Jersey. See United States v. Rickard, 336 Fed. Appx. 235 (3d Cir. 2009). As a result of this

scheme, Rickard and Davis allegedly procured approximately $2.25 million and $3.5 million, respectively. Id. at 238-39. During the eleven day trial, the Government introduced ample evidence, including testimony from nine co-conspirators, that Rickard and Davis each performed distinct roles in the scheme: Davis identified target properties, recruited "straw" purchasers, and procured false documentation to support inflated loan amounts, while Rickard handled the closings, including preparing closing documents containing false information, and directed the distribution of the proceeds from the home sales. Id. at 239, 241.

On July 16, 2008, this Court sentenced Rickard to a 121-month term of imprisonment, to be followed by a five-year term of supervised release. Id. at 238. Davis received a 151-month term. Id. The Court also ordered that each defendant pay $12,487,227.51 in restitution. Id.

On July 21, 2008, Rickard and Davis each filed a notice of appeal with the United States Court of Appeals for the Third Circuit. On appeal, Rickard argued that this Court committed five errors: (1) it abused its discretion by failing to sever her trial from Davis', (2) it abused its discretion by not granting her a new trial based on the weight of the evidence presented, (3) it abused its discretion by permitting an alleged co-conspirator to testify about his prior dealings with Rickard, (4) it abused its discretion by instructing the jury on the concept of willful blindness, and (5) it erred in assigning Rickard a four-level sentencing enhancement for being a leader or an organizer. Id. at 239.

In affirming this Court's rulings, the Third Circuit held: (1) severance was not required because the jury could reasonably have been expected to compartmentalize the evidence and there were no inherent conflicts in defenses, (2) defendant waived the argument that guilty verdicts were contrary to the weight of the evidence because she had failed to raise it in her post-trial motion pursuant to Federal Rule of Criminal Procedure 33, (3) any error in allowing

challenged testimony of an alleged coconspirator was harmless, (4) evidence supported the giving of willful blindness instruction, and (5) evidence supported this Court's determination that Rickard was an organizer or a leader. Id. at 239-41.

B.  Petitioner's Section 2255 Claims

Petitioner now asks this Court to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. In particular, she asserts claims of ineffective assistance of counsel under the Sixth Amendment against her trial, sentencing and appellate, and pretrial attorneys, respectively.

First, Petitioner claims that her trial counsel, Mr. Michael N. Pedicini, Esq., was ineffective for failing to: (1) appropriately advise Petitioner of her Sixth Amendment right to testify, (2) explore or explain the plea process, (3) investigate or call expert witnesses, (4) properly describe Rickard and her company's role in the crime, (5) examine the sufficiency of the evidence, (6) investigate the victims' loss, and (7) object to the admission of testimonial hearsay.

Next, Petitioner claims that her sentencing and appellate counsel, Mr. James W. Parkman, Esq., did not provide her with effective assistance of counsel because Parkman failed to, among other things, prepare an appropriate sentencing memorandum and complete the appeal process by filing a writ of certiorari with the United States Supreme Court.

Finally, Petitioner claims that her pretrial counsel, Ms. Wanda M. Akin, Esq., did not provide her with effective assistance of counsel because Akin: (1) possessed a conflict of interest, (2) initiated mental incompetency issues that made it difficult for Rickard to trust her, and (3) was unavailable for telephone calls and meetings.

3

## **LEGAL STANDARD**

**A.    Generally**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Thus, Petitioner is entitled to relief only if she can demonstrate that she is in custody in violation of federal law or the Constitution.

In considering the instant 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  Moreover, this Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

**B.    Strickland Test**

In order to sustain an ineffective assistance of counsel claim, Petitioner must establish: (1) deficient performance, and (2) resulting prejudice.  See Strickland v. Washington, 466 U.S. 668, 697 (1984).  Under the first prong, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  Even if Petitioner is able to demonstrate deficient performance by counsel, Petitioner must also, at prong

two, show that counsel's unprofessional performance actually prejudiced his or her defense.  Id. The prejudice prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  This Court must evaluate the effect of any errors in light of the totality of the evidence.  Id. at 695 - 96.  If a petitioner cannot demonstrate prejudice, however, then the court does not have to determine whether counsel's alleged errors were constitutionally deficient.  See Id. at 697.

With this framework in mind, the Court now turns to Petitioner's arguments.[1]

## LEGAL DISCUSSION

Petitioner claims that habeas relief is warranted because her trial, sentencing and appellate, and pretrial attorneys each failed to provide her with effective assistance of counsel. The Court has considered each of the arguments raised in support of this motion and, based on the reasons that follow, finds that the relief requested is not warranted.

### A.      Ground One: Trial Counsel's Alleged Ineffective Representation

As previously stated, Rickard claims that Pedicini did not provide her with effective representation at trial based upon his alleged failure to: (1) appropriately advise Rickard of her Sixth Amendment right to testify, (2) explore or explain the plea process, (3) investigate or call expert witnesses, (4) properly describe Rickard and her company's role in the crime, (5) examine the sufficiency of the evidence, (6) investigate the victims' loss; and (7) object to the admission

---

[1] In light of Petitioner's pro se status, the Court construes Petitioner's motion liberally. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

of testimonial hearsay.

### 1.     Trial Counsel's Alleged Failure to Advise, Prepare Rickard to Testify

Rickard claims that Pedicini failed to properly advise her of her Six Amendment right to testify.[2] A defendant has a constitutional right to testify on his or her own behalf. See generally Rock v. Arkansas, 483 U.S. 44, 49-53 (1987).  Defense counsel thus has a duty to inform defendant of this right, but a defendant may nevertheless waive it so long as the decision is "knowing and intelligent."  Pennycooke, 65 F.3d at 11-13.  "The determination of whether the defendant will testify is an important part of trial strategy best left to the defendant and counsel without the intrusion of the trial court, as that intrusion may have the unintended effect of swaying the defendant one way or the other." Id.  Furthermore, "where a defendant is aware of and understands his right to testify, counsel's alleged failure to call the defendant to the stand does not constitute ineffective assistance of counsel." United States v. Smith, 235 F. Supp. 2d. 418, 424 (E.D. Pa. 2002) (citing United States v. Castillo, 14 F.3d 802, 804-05 (2d Cir. 1994)).

While this Court generally must accept Petitioner's factual allegations as true, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary

---

[2] To the extent Petitioner claims that the Court erred in failing to advise Rickard on her right to testify, generally, "a trial court has no affirmative duty to advise the defendant of the right to testify or to obtain an on-the-record waiver of such right. The duty of providing such advice and of ensuring that any waiver is knowing and intelligent rests with defense counsel." United States v. Pennycooke, 65 F.3d 9, 13 (3d Cir. 1995).  Only in "exceptional, narrowly defined circumstances" is such judicial intervention appropriate. Id. at 12; see, e.g., United States ex rel. Wilcox v. Johnson, 555 F.2d 115, 120-21 (3d. Cir. 1977) (providing an example of an exceptional circumstance that necessitated judicial intervention whereby defendant's lawyer had badgered the defendant into waiving his right to testify by threatening to withdraw from the case). Rickard has raised no such exceptional circumstance here. See generally United States v. Leggett, 162 F.3d 237, 248 (3d Cir. 1998) ("Although . . . a trial court should avoid encouraging a defendant to testify, a trial court should also avoid discouraging such testimony.  Any strategic dispute between Leggett and Gardner should have been resolved without comment from the district court.").

hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).  Moreover, a § 2255 petitioner's allegation that counsel denied the right to testify "must be supported by more than a 'barebones assertion.'" Luperella v. United States, No. 06-1360, 2007 WL 2904201 at *3 (D.N.J. Oct. 3, 2007) (quoting Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir. 1991) (Posner, J.)).

In opposing Petitioner's claim in this regard, the Government has provided a sworn certification by Pedicini stating that he fully explained to Rickard her right to testify, but that she knowingly and voluntarily chose not to exercise it. See Pedicini Cert. at 6.  By contrast, Petitioner presents no specific facts—beyond bare allegations—to reasonably discredit Pedicini's assertion or that would otherwise suggest that any subsequent decision by Pedicini not to further encourage, persuade or explore this option with Rickard was based on anything other than his sound trial strategy.  See, e.g., Pennycooke, 65 F.3d at 11 ("[T]he determination of whether the defendant will testify is an important part of trial strategy best left to the defendant and counsel").

The only specific claim made by Petitioner is that Pedicini "advised Petitioner that Petitioner could not testify on her behalf to help herself, to air out the true facts, stating that Petitioner could not help herself, nor could he" because the Government would "eat me alive." (Pet'r Reply Br. at 5).  Without more, Petitioner has failed to overcome the evidence submitted by the Government – demonstrating that Pedicini did inform Rickard of her right to testify and that she knowingly waived her right to do so – and the overarching presumption that Pedicini's failure to call her to the stand or otherwise encourage her to testify was based on sound trial strategy.  Having failed to demonstrate deficient performance, Petitioner's claim in this regard is rejected. See generally United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989) ("It is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential

standard to be applied in scrutinizing counsel's performance.").

### 2. Trial Counsel's Alleged Failure to Explore or Explain the Plea Process

Next, Rickard claims that she was denied effective trial counsel because Pedicini never fully explained or explored the plea process. The Government, while acknowledging that counsel did not request a plea offer, maintains that Rickard has failed to demonstrate the requisite prejudice by failing to demonstrate the reasonable probability that she would have accepted a plea if one had been offered. In support of this position, the Government points to the portion of the Pedicini Certification wherein he states that he fully explained the plea process to Rickard, but that she refused to explore or even discuss plea negotiations. See Pedicini Cert. at 6. In particular, Pedicini swears under oath that "Ms. Rickard refused to discuss or explore plea negotiations with the government. She steadfastly maintained that she was innocent of the charges and at all times, she stated that she wanted to exercise her constitutional right to proceed with trial." Id. In reply,[3] Rickard denies the Government's speculation concerning her acceptance of a plea and challenges the relevant portion of the Pedicini Certification on the basis that it is "limited" and "vague" in describing his attempts to discuss the plea process with her. Id.

"In the context of claims regarding the assistance of counsel at the plea bargaining stage where a defendant eventually proceeded to trial, a habeas petitioner must establish three components in order to demonstrate prejudice. He must prove that a plea offer was extended by the government, and that a reasonable probability exists that he would have accepted the plea offer and the court would have approved the agreement." Enright v. United States, 347 F. Supp.

---

[3] Although the Court would, under normal circumstances, decline to consider arguments raised by Rickard for the first time in her reply brief (inasmuch as the Government has not had the opportunity to respond to such arguments), in light of her pro se status, the Court has made every effort to carefully consider each and every argument by Petitioner.

2d 159, 165 (D.N.J. 2004) (citing United States v. Day, 969 F.2d 39, 44-45 (3d Cir. 1992)).

Here, it is undisputed that Pedicini did not request a plea offer from the Government. See Gov. Opp'n Br. at 13-14. Even if the Court assumes, for purposes of this motion, that Rickard could satisfy the first prong – that is, even if the Court were to assume that a plea offer would have been extended if requested – Rickard's claim would, in any event, fail because Rickard has failed to demonstrate a reasonable probability that she would have accepted any such plea offer.

Although "the Third Circuit has not affirmatively adopted or rejected an objective evidence requirement for demonstrating that a habeas petitioner would have accepted a plea offer, it is clear that something more than a bare allegation is required." Id. at 166. Here, Petitioner has failed to substantiate her claim of prejudice with anything more than pure speculation. For instance, Petitioner claims that had she been "afforded the opportunity by counsel to fully discuss the plea process, Petitioner most certainly would have made a knowing and intelligent decision as to a trial." (Pet'r Reply Br. at 2). She also states that she first learned of the plea process and its significance while she was in prison. Such bare assertions, without more, fail to demonstrate a reasonable probability that Rickard would have accepted a plea, had one been offered. By contrast, evidence contained in the record demonstrates that Pedicini attempted to discuss the plea process with Rickard but that she was not interested in exploring this option. (Pedicini Cert. at 6) ("Ms. Rickard refused to discuss or explore plea negotiations with the government. She steadfastly maintained that she was innocent of the charges and at all times, she stated that she wanted to exercise her constitutional right to proceed with trial.").

In light of the foregoing, the Court finds that Rickard has failed to demonstrate that "a reasonable probability exists that [she] would have accepted the plea offer." Enright, 347 F. Supp. 2d at 165. Stated differently, Rickard has failed to demonstrate a reasonable probability

9

that, but for Pedicini's conduct, she would have pleaded guilty. See Strickland, 466 U.S. at 694.

87. Rickard has, therefore, failed to demonstrate the prejudice necessary to succeed on this claim of ineffective assistance of counsel. See, e.g., United States v. Barber, 808 F. Supp. 361, 379 (D.N.J. 1992) (denying similar ineffective assistance of counsel claim for lack of prejudice where "Schutzman argues, and the record confirms, that throughout this entire course of events, Barber has maintained his innocence and refused to consider entering a guilty plea.").

### 3. Trial Counsel's Alleged Failure to Investigate or Call Expert Witnesses

Next, Rickard claims that Pedicini was ineffective based upon his failure to investigate or call expert witnesses that would have "disproved the Government's claims." (Pet'r Br. at 3). In response, the Government maintains that nothing that counsel did or failed to do would have changed the outcome of the proceedings. In her reply brief, Rickard speculates that had Pedicini obtained a Certified Public Accountant (CPA) to examine bank records, the expert would have discovered that the "millions alleged by the Government that went into Petitioner's 'personal' account never existed." Id. She further alleges that a CPA would have discovered that Lehman Brothers made fraudulent insurance claims. Id.

As a preliminary matter, Petitioner's claim – on a macro level – is entirely speculative and could be denied on this basis alone. See, e.g., No. 09-1286, Giblin v. United States, 2010 WL 3039992 at *16 (D.N.J. Aug. 3, 2010) ("Prejudice resulting from ineffective assistance of counsel cannot be based on mere speculation as to what witnesses might have said.") (citation omitted). Even on a micro level, Rickard fails to demonstrate how her speculation concerning the potential implications of the alleged fraudulent activity by Lehman Brothers is, in any way, relevant to her conviction or her counsel's performance at trial.

Next, and perhaps most relevantly, the Third Circuit has already ruled, in context of this

particular case, that the evidence introduced at trial, including testimony of nine co-conspirators, established Rickard's participation and guilt as to the underlying crime. See Rickard, 336 Fed. Appx. at 240.[4]  In light of the evidence and testimony establishing Petitioner's participation in the scheme, she now fails to demonstrate that there is a reasonable probability that had Pedicini hired a CPA Investigator, the trial would have resulted in a different outcome.  Having failed to demonstrate the requisite prejudice, Petitioner's claim in this regard is denied.  See, e.g., Giblin, 2010 WL 3039992 at *16 (denying Petitioner's 2255 motion because he failed to demonstrate prejudice where he merely speculated what a medical examiner would have said if his attorney had called the examiner to testify at Petitioner's sentencing hearing).

---

[4]  In particular, the Third Circuit found that the evidence introduced at trial established the following:

> (1) Rickard handled all the closings for the homes purchased as part of the scheme; (2) Rickard provided the victim banks with HUD-1 settlement forms that contained an inflated sale price, and provided the sellers with HUD-1 forms that bore the correct sale price; (3) Rickard was responsible for personally preparing all of the HUD-1 forms; (4) Rickard directed the distribution of the proceeds from the completed home sales, which included doling out funds to her alleged coconspirators; (5) for her participation in each transaction, Rickard received much more money than the three percent of the property's actual purchase price that she was due; and (6) Rickard paid the attorney she used to conduct the closings an extra $ 80,000 and gave him a new automobile, even though his fee was listed at $ 1,100 per closing. One of Rickard's alleged co-conspirators also testified that when he asked Rickard "how -- can we get in trouble for this," Rickard responded by explaining that "the only thing that is not covered is that the deed that [Rickard] submits back to the bank with the closing package would have the actual price, which is lower than what that bank loaned us. So if they spotted that, there is a huge problem." (S.A. 186.)

Rickard, 336 Fed. Appx at 240.

### 4. Other Errors Claims Against Trial Counsel

Rickard further alleges that Pedicini was ineffective because he failed to object to testimonial hearsay; examine the sufficiency of the evidence; properly describe Rickard's role in the scheme; appropriately investigate the victims' total loss; and provide an overall effective defense. The Government opposes this aspect of Rickard's motion on the basis that Rickard has simply made a global attack on Pedicini's overall performance and has not presented specific items that should have been done or how their omission prejudiced her. In reply, Rickard alleges, among other things, that counsel failed to thoroughly review discovery and to afford her the opportunity to review same. As a result, she claims that she learned of altered bank records used by the Government ten months after the trial.

The Court has carefully considered the foregoing global claims made by Rickard and agrees with the Government that such claims are far too vague and conclusory to warrant further investigation by the Court. See, e.g., United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("We certainly agree that more than a few of Thomas's twenty-six grounds appear to be quite conclusory and too vague to warrant further investigation."). In particular, Rickard alleges a variety of generalized "errors" by Pedicini but fails to allege any specific facts concerning the particular actions that Pedicini should have taken. Nor has Rickard met her burden of demonstrating a reasonable probability that but for such generalized errors, the result of the proceeding would have been different. Petitioner's claims in this regard are therefore rejected.

### B. Ground Two: Appellate Counsel's Alleged Ineffective Representation

Next, Rickard argues that her sentencing and appellate counsel, James Parkman, was ineffective at sentencing and during various stages of her appeal. Based on the reasons that

follow, Petitioner's claims as against Parkman are rejected.

### 1. Counsel's Alleged Failure to Prepare Petitioner for Sentencing

Petitioner claims, generally, that Parkman failed to prepare her for sentencing. In particular, she alleges that he did not warn her of the potential sentence length; failed to prepare a sentencing memorandum to include legal, technical and psychological issues in support of a more lenient sentence; and denied her right to review, edit and give input prior to its submission. In reply, Rickard challenges the validity of the sentencing memorandum submitted by the Government in opposition to her 2255 motion. Finally, Petitioner maintains that Parkman displayed a lack of belief in her, which she claims was evident at the sentencing hearing.

The Court finds that Rickard's claim regarding the validity of the sentencing memorandum is entirely conclusory and unsubstantiated. By contrast, the Government submitted a copy of the sentencing memorandum prepared by Parkman (and submitted to the Court on July 10, 2008). Moreover, evidence contained in the record confirms that the Court indeed received and considered Parkman's sentencing memorandum prior to sentencing Rickard. See Tr. (July 16, 2008) at 3:14-17. Petitioner's argument in this regard is therefore rejected without further discussion. See, e.g., Thomas, 221 F.3d at 437 ("We certainly agree that more than a few of Thomas's twenty-six grounds appear to be quite conclusory and too vague to warrant further investigation.").

As to the claim that Parkman lacked belief in her, even assuming, arguendo, that Rickard's subjective belief were correct, Petitioner has failed to demonstrate that she was prejudiced, in any specific way, by any such lack of belief. For instance, Rickard has failed to demonstrate, with anything more than pure speculation, a reasonable probability that but for such a lack of belief, the result of her sentencing would have been any different. See, e.g., Strickland,

466 U.S. at 668.  Nor has Petitioner demonstrated that Parkman's "lack of belief" – even if accepted as true for purposes of this motion – constituted deficient performance, that is, distorted his professional judgment in any particular or meaningful way.  See, e.g., id. at 699 (finding that "[a]lthough counsel understandably felt hopeless about respondent's prospects, nothing in the record indicates, as one possible reading of the District Court's opinion suggests, that counsel's sense of hopelessness distorted his professional judgment"); United States v. Foreman, 323 F.3d 498, 505 (6th Cir. 2003) ("An attorney has no adverse interest simply because he or she entertains doubts about the veracity of the client. Unlike the situation in which an attorney simultaneously represents multiple defendants who have antagonistic defenses, an attorney representing a single client whose alibi he or she doubts is not working under a conflict of interest by virtue of that disbelief.").  This aspect of Petitioner's claim is therefore rejected.

    Next, Petitioner's motion is denied to the extent it is based upon the claim that Parkman's assistance was ineffective based upon his failure to prepare Rickard for sentencing (by, in particular, failing to warn her of the potential sentence length, failing to prepare a sentencing memorandum and/or allowing her to review/edit such memorandum prior to its submission). First, as to the claim that Parkman failed to produce an adequate sentencing memorandum, the Court has already noted that Parkman, in fact, submitted a sentencing memorandum on Petitioner's behalf.  Thus, Petitioner fails to show that Parkman's assistance at sentencing fell below an objective standard of reasonableness.  Moreover, even if the Court accepts the claim that Parkman did not share the memorandum with Rickard for her review, Petitioner fails to show that this decision was not part of sound trial strategy.  See generally Reid v. United States, No. 4:10-CV-583, 2010 WL 3829397 at *11 (E.D. Mo. Sept. 23, 2010) (holding that counsel's failure to file a sentencing memorandum is not, in and of itself, ineffective assistance of counsel

14

where the record demonstrated that the issues movant contended should have been included were addressed in the PSR objections filed by trial counsel and where the court accepted that trial counsel had strategic reasons for not filing a sentencing memorandum).

Finally, as to the claim that Parkman failed to warm her of the potential length of her sentence, even if accepted as true for purposes of this motion, Petitioner fails to show how such an error constitutes deficient performance – that is, how this alleged error deprived Petitioner of a fair trial – and/or how she was prejudiced by this particular type of alleged error. See Strickland, 466 U.S. at 687.  For instance, the Court is aware that a "trial attorney's error with respect to his ignorance of the sentencing law has satisfied the first prong of the Strickland test." Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999).  But Parkman was not Rickard's trial counsel. Similarly, the Court recognizes that a defendant claiming ineffective assistance of counsel may show prejudice if he can show that but for his counsel's advice, he would have accepted the plea and that a plea agreement would have resulted in a lesser sentence.  See, e.g., Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).  Even if the Court were to accept Rickard's claim that Parkman failed to warn her of her sentence exposure, she still fails to show the requisite prejudice.  This is particularly so given that Parkman did not represent Rickard during the pre-trial or trial portions of the case, where any discussion regarding the potential sentence exposure could – at least arguably – have resulted in a potential plea agreement.  Rickard does not claim that her pre-trial or trial counsel (Akin or Pedicini) failed to advise her of her potential sentence exposure.  To the contrary, as previously explained, Pedicini has submitted a certification under oath stating that he, in fact, fully explored and explained the plea process to Rickard but that she maintained her innocence and wanted to proceed to trial. (Pedicini Cert. at 6).  In light of the foregoing factors, the Court finds that Rickard has failed to demonstrate that but for Parkman's

failure to thoroughly explain her potential sentence exposure, she would have – or even <u>could</u> have – pled guilty and/or that any such hypothetical plea agreement would have resulted in a lesser sentence. <u>See</u> generally <u>Engelen</u>, 68 F.3d at 241 ("To establish prejudice, however, the movant must show that, but for his counsel's advice, he would have accepted the plea. To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."). Petitioner's claim in this regard is therefore rejected.

### 2. Counsel's Alleged Failure to Complete the Appeal

Next, Rickard maintains that Parkman did not provide effective assistance of counsel because he failed to raise the following issues and/or challenges on appeal: a challenge to the restitution amount, a challenge to the amount of the loss, "conspiracy as it relates to Rickard," and her mental competency. Finally, Rickard argues that Parkman did not provide effective assistance because he failed to complete the direct appeal process by filing a writ of certiorari with the United States Supreme Court.

As to Rickard's first argument concerning Parkman's failure to raise certain issues on appeal, the Government maintains that under the <u>Strickland</u> standard, Rickard must demonstrate a reasonable probability that, but for her appellate counsel's deficient performance, the result of the appeal would have been different. The Court agrees that, even if it were to accept Rickard's claim that Parkman's failure to raise certain issues on appeal constitutes deficient performance,[5] she fails to demonstrate the requisite prejudice – that is, she fails to demonstrate in any

---

[5] <u>See</u> generally <u>Werts v. Vaughn</u>, 228 F.3d 178, 203 (3d Cir. 2000) ("Counsel is presumed to be competent and the defendant has the burden of proving otherwise. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim.").

meaningful way that the result of her appeal would have been different. This is particularly so given the Third Circuit's explicit finding that the evidence introduced at Rickard's trial, including the testimony of the nine co-conspirators, established Rickard's participation and guilt as to the underlying crime. See Rickard, 336 Fed. Appx. at 240. Petitioner's motion, to the extent it is based upon Parkman's failure to raise certain issues on appeal, is therefore denied.[6]

Lastly, Rickard argues that Parkman provided ineffective assistance of counsel because he failed to complete the direct appeal process by filing a writ of certiorari with the United States Supreme Court. The Court agrees with the Government that Rickard's argument in this regard is insufficient to demonstrate the requisite prejudice inasmuch as she cannot demonstrate a reasonable probability that had her appellate counsel filed a writ of certiorari, her direct appeal would have been among those selected. See, e.g., Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999) (noting that "a reasonable probability is a probability sufficient to undermine confidence in the outcome" and finding that "Baker's arguments as to prejudice are totally speculative and do not meet that standard."). To the extent Rickard claims that Parkman's failure to file a writ of certiorari has somehow affected her chances of succeeding on the instant 2255 motion, Rickard fails to demonstrate how such a strategic decision by counsel[7] – not to file a writ of certiorari – would in any way affect—or even factor into—this Court's Strickland analysis. Petitioner's argument is therefore rejected. See, e.g., United States v. Dill, 555 F. Supp.2d 514, 519 (E.D.

---

[6] Petitioner's reliance on United States v. Youngblood, 14 F.3d 38, 40 (10th Cir. 1994) for the proposition that a defendant is denied effective assistance of counsel if he asks his counsel to file an appeal and counsel fails to do so, is unavailing inasmuch as it is undisputed that Parkman did, in fact, file a direct of appeal on Rickard's behalf.

[7] See, e.g., Rosa v. United States, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 1997) (holding that defense counsel's failure to file notice of appeal did not constitute ineffective assistance of counsel where he had no reason to believe that there were grounds for an appeal).

Pa. May 6, 2008) (holding that defense counsel's failure to file a petition for writ of certiorari with the United States Supreme Court was not grounds for granting post-conviction relief based upon ineffective assistance of counsel in light of the Supreme Court's recognition that the Constitution does not guarantee a right to counsel to pursue discretionary appellate review).

### C.     Ground Three: Pretrial Counsel's Alleged Ineffective Representation

Rickard claims that pre-trial counsel, Wanda Akin, failed to provide effective counsel because Akin raised Rickard's potential mental incompetency issues which allegedly made it difficult for Rickard to trust Akin and to be treated fairly.  Rickard also claims that Akin was often unavailable, and that Akin had a conflict of interest because she was appointed by the court during a time in which her father-in-law and husband's firm was representing Rickard as paid counsel.  In response, the Government maintains that even if the Court were to assume that Akin's performance was deficient in these areas, Rickard has not and cannot demonstrate any prejudice resulting from such deficient performance.

Having carefully considered Rickard's arguments concerning Akin's representation, the Court agrees with the Government that, even assuming, solely for purposes of this motion, that Akin's performance was deficient in each of the areas raised, Rickard has nevertheless failed to demonstrate a reasonable probability – based upon any specific examples, whatsoever – that she was prejudiced by Akin's performance.  Simply put, Rickard has failed to demonstrate with anything more than pure speculation that but for Akin's alleged deficiencies, the result of her trial would have been different in any meaningful way.  Absent such a showing, Petitioner has failed to demonstrate the requisite element of prejudice.  See generally Baker, 177 F.3d at 154 (noting that "a reasonable probability is a probability sufficient to undermine confidence in the

outcome" and finding that "Baker's arguments as to prejudice are totally speculative and do not meet that standard."); Giblin, 2010 WL 3039992 at *16 ("Prejudice resulting from ineffective assistance of counsel cannot be based on mere speculation as to what witnesses might have said."). Petitioner's motion, to the extent it is based upon the alleged deficiencies in Akin's pre-trial representation, is therefore denied.

Having determined that Petitioner's claims have no basis in the record, the Court need not hold an evidentiary hearing. See, e.g., Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).[8]

## CONCLUSION

Based on the reasons set forth above, Petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 is denied. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.

DATED:  August 15, 2011                    /s/ Jose L. Linares
                                           United States District Judge

---

[8] See also United States v. Kenley, 2011 WL 3211508, at *3 (3d Cir. July 29, 2011) ("Because he did not establish prejudice, 'the motions and the files and records of the case conclusively show that [Kenley] is not entitled to relief.' ") (citing 28 U.S.C. § 2255(b)).